IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

CHARLES W. REED, III          §
   a/k/a DWIGHT BYRD          §
   TDCJ-CID #1366669          §
                            §          C.A. NO. C-07-190
v.                            §
                            §
LIEUTENANT GALLEGOS, ET AL.   §

## MEMORANDUM AND RECOMMENDATION
## TO DISMISS CERTAIN CLAIMS AND TO RETAIN CASE

     This civil rights action was filed by a state prisoner pursuant to 42 U.S.C.
§ 1983.

     Pursuant to the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat.
1321 (1996), any prisoner action brought under federal law must be dismissed if
the complaint is frivolous, malicious, fails to state a claim upon which relief can be
granted, or seeks monetary relief from a defendant immune from such relief.  See
42 U.S.C. § 1997e(c); 28 U.S.C. §§ 1915(e)(2), 1915A.  Plaintiff's action is subject
to screening regardless of whether he prepays the entire filing fee, or proceeds as a
pauper.  Ruiz v. United States, 160 F.3d 273, 274 (5th Cir. 1998) (per curiam);
Martin v. Scott, 156 F.3d 578, 580 (5th Cir. 1998) (per curiam).  Plaintiff's *pro se*
complaint must be read indulgently, Haines v. Kerner, 404 U.S. 519, 520 (1972),
and his allegations must be accepted as true, unless they are clearly irrational or

wholly incredible, <u>Denton v. Hernandez</u>, 504 U.S. 25, 33 (1992).

Applying these standards, it is respectfully recommended that plaintiff's Eighth Amendment excessive force claim against Officer J. Perez be retained on the Court's docket and service ordered on this defendant. Moreover, it is respectfully recommended that plaintiff's failure to protect claim against Lieutenant A. Gallegos be dismissed for failure to state a claim and as frivolous. 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b)(1).

## I.  JURISDICTION

The Court has federal question jurisdiction over this civil rights action pursuant to 28 U.S.C. § 1331.

## II.  FACTUAL ALLEGATIONS

Plaintiff is an inmate in the Texas Department of Criminal Justice, Criminal Institutions Division ("TDCJ-CID"), and is currently incarcerated at the Jester IV Unit in Richmond, Texas, although his claims concern events that occurred while he was at the McConnell Unit in Beeville, Texas. He is suing Lieutenant A. Gallegos and Officer J. Perez, who are each employed as correctional officers at the McConnell Unit. (D.E. 1). The following allegations were made in plaintiff's

original complaint, or at the May 14, 2007 Spears[1] hearing.

On December 5, 2006 at approximately 3:00 p.m., a cell inspection was being conducted in plaintiff's cell at the McConnell Unit.  Plaintiff was ordered to exit his cell, but he refused, and requested to speak to a supervisor.  Instead, a use of force was employed.  Plaintiff was sprayed in the face with chemicals.  Next a five-man extraction team entered his cell, wrestled him to the ground, and applied leg shackles and handcuffs.

As plaintiff lay on the floor of his cell, face down, with his arms handcuffed behind his back, Officer Perez lifted his head and then slammed it into the ground twice.  Plaintiff suffered a two-inch gash above his right eye.  He was then taken immediately to the infirmary where he received five stitches for his wound.  Thereafter, he had the dressing on the wound cleaned every day until the stitches were removed.  He continues to suffer headaches as a result of the head injury.

Lieutenant Gallegos was the supervisor of the extraction team.  He was present at the cell extraction, but did not attempt to stop Officer Perez from slamming plaintiff's head into the ground.

Plaintiff filed a Step 1 and Step 2 grievance complaining about Officer

---

[1] Spears v. McCotter, 766 F.2d 179 (5th Cir. 1985); see also Eason v. Holt, 73 F.3d 600, 603 (5th Cir. 1996) (stating that testimony given at a Spears hearing is incorporated into the pleadings).

Perez' actions, but his grievances were denied.

Plaintiff filed this lawsuit on April 20, 2007.  He is seeking compensatory and punitive damages.  He also seeks to have the two defendants terminated from their jobs.

### III.  <u>DISCUSSION</u>

**A.  Legal Standard.**

Plaintiff's action may be dismissed for failure to state a claim upon which relief can be granted despite his failure to exhaust administrative remedies.  42 U.S.C. § 1997e(c)(2).  The Supreme Court has held that "[t]o state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law."  <u>West v. Atkins</u>, 487 U.S. 42, 48 (1988) (citations omitted); <u>accord</u> <u>Biliski v. Harborth</u>, 55 F.3d 160, 162 (5th Cir. 1995) (per curiam).  An action may be dismissed for failure to state a claim when it is clear that the prisoner can prove no set of facts in support of his claim entitling him to relief.  <u>Oliver v. Scott</u>, 276 F.3d 736, 740 (5th Cir. 2002) (citation omitted).  The complaint must be liberally construed in favor of the prisoner, and the truth of all pleaded facts must be assumed.  <u>Id.</u>

4

**B.      Plaintiff's Claim Against Officer J. Perez.**

Plaintiff claims that Officer J. Perez used excessive force against him in violation of his Eighth Amendment right to be free from cruel and unusual punishment when he slammed his head into the ground without provocation.

To state a claim for excessive force, plaintiff must show that the force was not applied in a good-faith effort to maintain or restore discipline, but was applied maliciously and sadistically to cause harm, and that the injury he suffered was more than *de minimis,* but not necessarily significant.  See Hudson v. McMillian, 503 U.S. 1, 6, 9-10 (1992); Gomez v. Chandler, 163 F.3d 921, 923-24 (5th Cir. 1999); Siglar v. Hightower, 112 F.3d 191, 193 (5th Cir. 1997).  The factors to be considered are "1. the extent of the injury suffered; 2. the need for the application of force; 3. the relationship between the need and the amount of force used; 4. the threat reasonably perceived by the responsible officials; and 5. any efforts made to temper the severity of a forceful response."  Gomez, 163 F.3d at 923 (citation omitted).

Plaintiff admits that he refused the initial order to leave his cell for the inspection, and that his refusal resulted in a use of force being called and an extraction team employed.  He maintains, however, that at the time of Officer Perez' excessive force, he was subdued on the cell floor in leg and hand restraints,

5

and therefore, posed no threat to staff or other prisoners, such that the situation did not require any further force.

Taking plaintiff's allegations as true, the facts suggest that the force employed by Officer Perez was done maliciously and with sadistic intent, and not to maintain order or control.  If he was restrained, there would be no need to use force, let alone slam his head into the ground.  As such, for purposes of § 1915A screening, plaintiff has stated a claim of excessive force against Officer Perez, and it is respectfully recommended that this claim be retained, and service ordered on this defendant.

## C.   Plaintiff's Claims Against Lieutenant Gallegos.

Plaintiff claims that Lieutenant Gallegos failed to stop Officer Perez from slamming his head onto the floor.  He also suggests that, as supervisor of the extraction team, Lieutenant Gallegos should be held accountable for the actions of those individuals he supervises.

### 1.   The Failure To Protect Claim.

To establish a failure to protect claim under 42 U.S.C. § 1983, a prisoner must show that he has been incarcerated under conditions posing a substantial risk of serious harm and that the defendant prison official was deliberately indifferent to his need for protection.  Farmer v. Brennan, 511 U.S. 825, 834 (1994); Neals v.

Norwood, 59 F.3d 530, 532 (5th Cir. 1995).  To act with deliberate indifference, a

defendant prison "official must both be aware of facts from which the inference

could be drawn that a substantial risk of serious harm exists, and he must also draw

the inference."  Farmer, 511 U.S. at 837.  Only deliberate indifference will suffice

to state a failure to protect claim; mere negligence is not sufficient.  See id.; see

also Oliver v. Collins, 914 F.2d 56, 60 (5th Cir. 1990) (holding that a negligent

failure to protect from harm does not make a claim under 42 U.S.C. § 1983).

There is no allegation that, prior to the December 5, 2006 incident, plaintiff

ever complained about Officer Perez to any official, let alone to Lieutenant

Gallegos.  There are no facts to suggest that Officer Perez posed a risk of harm to

plaintiff, and even if he did, there is no evidence that Lieutenant Gallegos knew of

the risk.  Indeed, he testified that prior to the extraction, he had never had any

problems with Officer Perez.  Moreover, as plaintiff admitted at the evidentiary

hearing, the actual "slams" to his head occurred one right after the other, such that,

even had Lieutenant Gallegos wanted to intervene and stop Officer Perez, he could

not have done so because the "slams" occurred too quickly.

Plaintiff fails to state a failure to protect claim against Lieutenant Gallegos

because he cannot establish that: (1) Officer Perez posed a serious risk to his health

and safety; and (2) that Lieutenant Gallegos was aware of the risk.  Farmer, 511

U.S. at 837.  Accordingly, it is respectfully recommended that plaintiff's Eighth

Amendment failure to protect claim against Lieutenant Gallegos be dismissed with

prejudice for failure to state a claim and as frivolous.  28 U.S.C.

§§ 1915(e)(2)(B), 1915A(b)(1).

2.    **The _Respondeat Superior_ Claim.**

Plaintiff's claims against Lieutenant Gallegos also fail because there is no

§ 1983 liability based on a theory of _respondeat superior._  See Monell v. Dep't of

Soc. Servs., 436 U.S. 658, 691-95 (1978) (supervisory officials cannot be held

vicariously liable under § 1983 for their subordinate's actions); Beattie v. Madison

County Sch. Dist., 254 F.3d 595, 600 n. 2 (5th Cir. 2001).  It is well established

that "[p]ersonal involvement is an essential element of a civil rights cause of

action."  Thompson v. Steele, 709 F.2d 381, 382 (5th Cir. 1983); see also Rizzo v.

Goode, 423 U.S. 362, 371-72, 377 (1976) (requiring affirmative link between

injury and conduct of defendant).  Supervisory officials may be held liable only if

they affirmatively participate in acts that cause the constitutional deprivation, or if

they implement unconstitutional policies that causally result in plaintiff's injury.

Thompkins v. Belt, 828 F.2d 298, 303-04 (5th Cir. 1987).

Plaintiff is attempting to sue Lieutenant Gallegos for the actions of his

subordinates.  There is no allegation that Lieutenant Gallegos participated in any

alleged violation, or implemented an unconstitutional policy. As such, it is respectfully recommended that plaintiff fails to state a claim against Lieutenant Gallegos, and that his claim against this defendant be dismissed.

## IV. RECOMMENDATION

For the reasons stated above, it is respectfully recommended that plaintiff's Eighth Amendment failure to protect claim against Lieutenant A. Gallegos be dismissed with prejudice for failure to state a claim and as frivolous. 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b)(1). It is also respectfully recommended that plaintiff's excessive force claim against Officer J. Perez be retained on the Court's docket, and service ordered on this defendant.

Respectfully submitted this 16th day of May 2007.

BRIAN L. OWSLEY
UNITED STATES MAGISTRATE JUDGE

<u>NOTICE TO PARTIES</u>

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel.  Within **TEN (10) DAYS** after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to 28 U.S.C. § 636(b)(1)(C); Rule 72(b) of the Federal Rules of Civil Procedure; and Article IV, General Order No. 2002-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendations in a magistrate judge's report and recommendation within TEN (10) DAYS after being served with a copy shall bar that party, except upon grounds of *plain error*, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court.  <u>Douglass v. United Servs. Auto. Ass'n</u>, 79 F.3d 1415 (5th Cir. 1996) (en banc).