IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| CHARLES W. REED, III | § | |
|   a/k/a DWIGHT BYRD | § | |
|   TDCJ-CID #136669 | § | |
| | § | C.A. NO. C-07-190 |
| v. | § | |
| | § | |
| LIEUTENANT A. GALLEGOS, ET AL. | § | |

### ORDER DENYING PLAINTIFF'S
### MOTION FOR INJUNCTIVE RELIEF AS MOOT

This civil rights action was filed by a state prisoner pursuant to 42 U.S.C. § 1983.[1] Pending is plaintiff's motion for a temporary restraining order and for injunctive relief. (D.E. 35). For the following reasons, plaintiff's motion is denied as moot.

### I. BACKGROUND

Plaintiff filed this action alleging that Lieutenant A. Gallegos failed to protect him and that Officer J. Perez used excessive force against him. (D.E. 1). On May 14, 2007, a Spears[2] hearing was conducted. A memorandum and recommendation was issued recommending that the failure to protect claim against Lieutenant Gallegos be dismissed and that the excessive force claim against Officer Perez be retained. (D.E. 12). This Court adopted the recommendation. (D.E. 23).

On October 18, 2007, defendant Perez advised the Court that he will not file a motion for summary judgment challenging plaintiff's claim against him. (D.E. 32). On October 25, 2007,

---

[1] The parties both consented to proceed before a magistrate judge, (D.E. 18, 44), and the action was subsequently reassigned. (D.E. 45).

[2] Spears v. McCotter, 766 F.2d 179 (5th Cir. 1985).

plaintiff filed his pending motion. (D.E. 35). He alleged that after his transfer back to the McConnell Unit on October 4, 2007, Lieutenant Gallegos repeatedly denied him meals. He further alleges that because of these denials, on October 8, 2007, he faked a suicide attempt so that he would be transferred to the Jester IV Unit and receive meals. On October 17, 2007, he again transferred back to the McConnell Unit where he alleges that Lieutenant Gallegos again denied him meals that he could eat.

On November 12, 2007, defendant filed a response to plaintiff's motion for a temporary restraining order. (D.E. 40). He argues that the motion is moot because as of November 3, 2007, plaintiff had been transferred back to the Jester IV Unit and was expected to be assigned permanently to the Clements Unit. Id. at 1-2; see also id. at Ex. A. Subsequently, plaintiff notified the Court that he was transferred to the Michael Unit in Tennessee Colony, Texas.

## II. DISCUSSION

The Fifth Circuit has explained that "[t]he transfer of a prisoner out of an institution often will render his claims for injunctive relief moot." Oliver v. Scott, 276 F.3d 736, 741 (5th Cir. 2002); accord Hooten v. Jenne, 786 F.2d 692, 697 n.6 (5th Cir. 1986) (per curiam). When a motion for injunctive relief is moot, then dismissal of the claim is proper. Hooten, 786 F.2d at 697 n.6. As of November 3, 2007, plaintiff was transferred from the McConnell Unit to the Jester IV Unit. (D.E. 40, Ex. A). Moreover, he was assigned permanently to the Michael Unit. (D.E. 43).[3]

---

[3] Any argument that plaintiff might be eventually transferred back to the McConnell Unit is too speculative to warrant relief. Herman v. Holiday, 238 F.3d 660, 665 (5th Cir. 2001).

### III. CONCLUSION

For the reasons stated above, plaintiff's motion for a temporary restraining order and for injunctive relief, (D.E. 35), is denied as moot.

Respectfully submitted this 10th day of December 2007.

_____
BRIAN L. OWSLEY
UNITED STATES MAGISTRATE JUDGE