IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| CHARLES W. REED, III | § | |
|    a/k/a DWIGHT BYRD | § | |
|    TDCJ-CID #1567630 | § | |
| | § | C.A. NO. C-07-190 |
| v. | § | |
| | § | |
| LIEUTENANT GALLEGOS, ET AL. | § | |

**<u>OPINION DENYING PLAINTIFF'S MOTIONS TO REOPEN HIS CIVIL COMPLAINT</u>**

This civil rights action was filed by a state prisoner pursuant to 42 U.S.C. § 1983. Pending are plaintiff's motions to reopen his civil complaint. (D.E. 74, 75). He asserts that defendants breached a global settlement agreement.

## I. PROCEDURAL BACKGROUND

On April 20, 2007, plaintiff filed a civil rights complaint, alleging that defendants Gallegos and Perez inflicted cruel and unusual punishment on him by using excessive force during a cell extraction. (D.E. 1). On December 10, 2007, this case was set for trial on plaintiff's claims against defendant Perez, and he was appointed counsel. (D.E. 47, 48).

On June 6, 2008, plaintiff filed a notice of settlement. (D.E. 55). On June 16, 2008, the parties filed an agreed motion to dismiss plaintiff's claims with prejudice. (D.E. 56). On June 17, 2008, the motion was granted, and final judgment was entered. (D.E. 58, 59). On June 19, 2008, plaintiff filed the pending motion to reopen his civil complaint arguing that he entered the global settlement under duress. (D.E. 60). That motion to reopen his civil complaint was denied. See Reed v. Gallegos, No. C-07-190, 2008 WL 2714082 (S.D. Tex. July 9, 2008).

On July 23, 2008, plaintiff filed a notice of appeal. (D.E. 67). On October 21, 2008, his appeal was dismissed for want of prosecution. (D.E. 73).

## II. PLAINTIFF'S ALLEGATIONS

Plaintiff asserts that he had a parole hearing on January 23, 2009 before Maryland prison officials. (D.E. 74, at 2). He alleges that "the institutional parole coordinator Toni Toothacker recommended that [plaintiff] be paroled to [his] Texas detainer." Id. Although he provided a copy of the global settlement agreement to the parole officials, it was still recommended that he receive parole. Id. However, plaintiff claims that on January 26, 2009, the Parole Commissioner overruled the January 23, 2009 parole decision finding that he did not warrant parole based on his conduct in prison. Id.

Plaintiff alleges that Ms. Toothacker appealed the denial of parole. On February 13, 2009, the denial was overturned. On May 6, 2009, plaintiff was paroled from the Maryland Division of Corrections and extradited to the Texas Department of Criminal Justice ("TDCJ").

Plaintiff asserts that it was stipulated that he was to "be returned to the custody of the Maryland Division of Corrections ... to serve the remainder of his Maryland sentence." (D.E. 75, at 1). He further claims that his Maryland sentence was to expire on January 13, 2013. Id. He argues that by granting parole when he did not qualify for it, Maryland and Texas circumvented the settlement agreement. Id. at 2. He also appears to argue that Texas breached the settlement agreement by accepting him back only eleven months after he was released into Maryland custody.

## III. DISCUSSION

Although plaintiff does not specifically indicate that he is seeking relief pursuant to Rule 60(b) of the Federal Rules of Civil Procedure, his motion appears to seek such relief. Rule 60(b) sets out five specific bases for granting relief from a final judgment: (1) mistake, inadvertence,

surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud, misrepresentation, or misconduct of an adverse party; (4) the judgment is void; and (5) satisfaction, discharge, or release of the judgment.  Fed. R. Civ. P. 60(b).  In addition, Rule 60(b)(6) provides that a court may relieve a party from a final judgment for "any other reason justifying relief from the operation of the judgment."  Fed. R. Civ. P. 60(b)(6).  This subsection is intended to address "unforeseen contingencies" and "accomplishing justice in exceptional circumstances."  Steverson v. GlobalSantaFe Corp., 508 F.3d 300, 303 (5th Cir. 2007) (citation omitted) (emphasis added).  For Rule 60(b)(6) to apply, the movant must show "'extraordinary circumstances' suggesting that the party is faultless in the delay."  Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship, 507 U.S. 380, 393 (1993) (citations omitted) (emphasis added).  Indeed, if the movant is even partly at fault for the delay, subsection (6) relief is not available.  See id. ("If a party is partly to blame for the delay, relief must be sought within one year under subsection (1)....").  A Rule 60(b)(6) motion must be made within one year after entry of judgment for subsections (1), (2), and (3), and otherwise, within a reasonable time.  Fed. R. Civ. P. 60(c).

      First, plaintiff has not established that there was a breach of the settlement agreement.  He does not provide a copy of the settlement agreement, but there is nothing in his filings that indicate a specific agreement barring Maryland prison officials from paroling plaintiff before January 13, 2013.  Moreover, a copy of the settlement agreement was not filed with the Court when plaintiff voluntarily moved to dismiss his action.  (D.E. 56, 57).

      Second, parole would seemingly be a standard option available to any state prison managing its inmate population.  Inmates have no more expectancy of preventing prison officials

from granting parole than they do of any expectancy of a right to parole.  See Teague v. Quarterman, 482 F.3d 769, 774 (5th Cir. 2007) ("We have held that there is no right or constitutional expectancy of early release on parole in Texas, because parole is within the total and unfettered discretion of the State.") (emphasis added); see also Bryant v. Maryland, 848 F.2d 492, 493 (4th Cir. 1988) ("Maryland parole statute does not create a legitimate expectation of parole release").  Any parole decision by Maryland prison officials is not an act by TDCJ officials and thus cannot be a breach of the settlement agreement by TDCJ officials.

The Fifth Circuit has explained that "[a] party making a Rule 60(b)(3) motion must 'establish by clear and convincing evidence that (1) the adverse party engaged in fraud or other misconduct and (2) that this misconduct prevented the moving party from fully and fairly presenting his case.'"  Government Fin. Servs. One Ltd. P'ship v. Peyton Place, Inc. 62 F.3d 767, 772 (5th Cir. 1995) (citations omitted).  Nothing in plaintiff's pending motions satisfies his obligation pursuant to the rule.  Generally, courts have not interpreted "misconduct" in Rule 60(b)(3) to address a breach of a settlement agreement.  Info-Hold, Inc. v. Sound Merchandising, Inc. 538 F.3d 448, 458 (6th Cir. 2008).  Additionally, a motion brought pursuant to Rule 60(b)(3) must be filed within one year of the entry of the challenged judgment.  Fed. R. Civ. P. 60(c)(1).  Petitioner's motions were filed over a year after the entry of the challenged judgment.  Accordingly, he has failed to establish that he is entitled to relief pursuant to Rule 60(b)(3).

Some appellate courts have held that Rule 60(b)(6) is a basis for seeking relief of the breach of a settlement agreement.  Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 378 (1994).  However, plaintiff has not provided any support for the proposition that his circumstances are exceptional or extraordinary such as to warrant relief pursuant to Rule

60(b)(6).  Indeed, plaintiff has failed to establish a breach of the settlement agreement warranting a reopening of the litigation.  Accordingly, he has failed to establish that he is entitled to relief pursuant to Rule 60(b)(6).

## IV.  CONCLUSION

Plaintiff has not established that there was a breach of the settlement agreement. Accordingly, plaintiff's motions to reopen his civil complaint, (D.E. 74, 75), are DENIED.

ORDERED this 29th day of December 2009.

    _____
BRIAN  L. OWSLEY
UNITED STATES MAGISTRATE JUDGE